UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:11-CV-713-FL

| DENISE LYNN HUGGINS, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | ORDER |
| WAL-MART STORES EAST, L.P. and NICKY LENNON (DM), | ) | |
| Defendants. | ) | |

This matter is before the court on defendants' motion to dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure (DE # 15) and plaintiff's motion to amend complaint (DE # 27). All appropriate responses and replies have been filed. In this posture, the issues raised are ripe for adjudication. For the following reasons, defendants' motion to dismiss is granted in part and denied as moot in part and plaintiff's motion to amend complaint is granted in part and denied in part.

## STATEMENT OF THE CASE

*Pro se* plaintiff filed the instant complaint against defendants[1] on December 28, 2011, alleging that she was discriminated against in violation of the Americans with Disabilities Act ("ADA") and the Genetic Information Non-Discrimination Act ("GINA"). On February 17, 2012, defendants moved to dismiss the complaint pursuant to Rules 12(b)(1) and 12(b)(6). Plaintiff responded to the motion to dismiss on March 29, 2012, wherein she also incorporated

---

[1] The original complaint named Walmart Store #3595 and Nicky Lennon (DM) as defendants. On defendants' motion, the caption has since been amended to reflect Wal-Mart Stores East, L.P. as the correct corporate defendant.

what the court construes as a motion to amend complaint. With leave of the court, defendants collectively replied to plaintiff's response to the motion to dismiss and responded to plaintiff's motion to amend complaint in one filing on April 9, 2012. Plaintiff replied to defendants' response to her motion to amend complaint on April 19, 2012. In addition, plaintiff filed a sur-reply to the motion to dismiss on April 19, 2012 and defendants filed a sur-reply to plaintiff's motion to amend complaint on May 1, 2012.[2] Discovery has been stayed pending the court's ruling on the instant motions.

## STATEMENT OF THE FACTS

The facts as alleged in plaintiff's complaint are as follows. Plaintiff was an employee in the pharmacy department of a Wal-Mart store located in Fayetteville, North Carolina, from January 7, 2004, until September 16, 2010. On August 26, 2010, plaintiff overheard a training coordinator telling someone on the phone that he or she could not talk to plaintiff because she (plaintiff) had experienced a nervous breakdown, and instructing the person to instead talk to "Nicky," presumably defendant Nicky Lennon ("defendant Lennon"), the district manager. Plaintiff states that, immediately thereafter, she emailed defendant Lennon but that she never received a response. Plaintiff also alleges that on September 16, 2010, she was terminated on the basis of two Wal-Mart policies, SOP 1007 and SOP 1009. In addition, plaintiff refers to her belief that defendant Lennon was responsible for representing a graduate intern as being a licensed pharmacist, in violation of another Wal-Mart policy, SOP 1011.

On March 2, 2011, plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") against the Wal-Mart store at which she had worked.

---

[2] The court notes that no leave was requested by or given to either party for the filing of either such sur-reply. However, the court has, in its discretion, considered their content.

2

Therein, plaintiff related the August 26, 2010 incident and alleged that she believed she had been "discriminated against based on being regarded as having a disability" in violation of Title I of the ADA, in violation of GINA, and "in retaliation for opposing these violations." Compl. Ex. 2 at 1 (DE # 6-2). On October 28, 2011, the EEOC mailed plaintiff a right to sue letter regarding the charge of discrimination, and she timely commenced the instant action.

## DISCUSSION

### A. Standard of review

Pursuant to Rule 12(b)(1), a court must dismiss all or part of an action over which it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Whether or not subject matter jurisdiction exists is a threshold question which must be addressed by the court before considering the merits of the case. Jones v. Am. Postal Workers Union, 192 F.3d 417, 422 (4th Cir. 1999). The plaintiff, as the party opposing a Rule 12(b)(1) motion to dismiss, has the burden of proving that subject matter jurisdiction does in fact exist. Richmond, Fredericksburg & Potomac R.R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991).

Pursuant to Rule 12(b)(6), a court may dismiss an action which fails to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). A 12(b)(6) motion to dismiss tests the sufficiency of the facts pleaded in the complaint and the relevant inquiry is whether the plaintiff's factual allegations are "enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). In reviewing a motion to dismiss, a court is required to consider the complaint in the light most favorable to the plaintiff and to accept as true all well-pleaded factual allegations. Randall v. United States, 30 F.3d 518, 522 (4th Cir. 1994).

3

Pursuant to Rule 15(a)(2), a party may amend its pleading with the court's leave and the court should freely give leave when justice so requires. Fed. R. Civ. P. 15(a)(2). In making a Rule 15(a) determination, the following standard is to be employed by a court:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given."

Foman v. Davis, 371 U.S. 178, 182 (1962) (quoting Fed. R. Civ. P. 15(a)). Thus, as a general rule, "leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." Edwards v. City of Goldsboro, 178 F.3d 231, 242 (4th Cir. 1999) (emphasis and citation omitted).

B. Analysis

Defendants have moved to dismiss plaintiff's discrimination and retaliation claims against defendant Lennon for lack of subject matter jurisdiction, pursuant to Rule 12(b)(1), and against defendant Wal-Mart Stores East, L.P. ("defendant Wal-Mart") for failure to state a claim upon which relief may be granted, pursuant to Rule 12(b)(6). As part of her response to defendants' motion to dismiss, plaintiff requested that she be allowed to amend her complaint in lieu of dismissal if the court found the complaint to be deficient. See Pl.'s Mem. in Opp'n of Defs.' Mot. to Dismiss at 7 (DE # 27). Defendants have responded to this request as if it were a formal motion to amend complaint pursuant to Rule 15(a)(2), and given plaintiff's *pro se* status, the court finds it appropriate to consider it as such. Accordingly, the court will address

4

defendants' motion to dismiss plaintiff's claims and the propriety of her motion to amend complaint as against each defendant separately.

1. Plaintiff's claims against defendant Lennon

Defendants argue that subject matter jurisdiction is lacking against defendant Lennon because plaintiff did not exhaust her administrative remedies as to defendant Lennon and that, regardless, there is no individual liability for supervisors under the ADA or GINA. Plaintiff does not directly respond to defendants' argument as to this issue. The court finds that both of defendants' arguments have merit.

First, the court finds that defendants are correct that the ADA contemplates the filing of an action pursuant to a right to sue letter only against "the respondent[s] named in the charge." 42 U.S.C. § 2000e-5(f)(1); see also Boden v. U.S. Amada Ltd., 978 F. Supp. 657, 658-59 (E.D.N.C. 1997) (determining that a plaintiff who did not name three individual managerial employees in an EEOC charge had not established subject matter jurisdiction over those employees in this court). Similarly, GINA follows the ADA enforcement scheme. See 29 C.F.R. § 1635.10(a)(1) (referring back to 42 U.S.C. § 2000e-5). Though defendant Lennon is mentioned in the narrative of plaintiff's EEOC charge, she is not named as a respondent and, therefore, is not a proper defendant.

Second, the court finds that defendants are also correct that there is no individual liability for supervisors as to plaintiff's discrimination and retaliation claims under the ADA. See, e.g., Baird ex rel. Baird v. Rose, 192 F.3d 462, 471-72 (4th Cir. 1999) (dismissing discrimination and retaliation claims against individual teacher and principal at school); Bess v. Cnty. of Cumberland, No. 5:10-CV-453-BR, 2011 WL 3055289, at *1 (E.D.N.C. Jul. 25, 2011)

(dismissing discrimination claims against individual employees of employer for lack of individual liability). The definition of an employer under GINA is similarly limited. See 29 C.F.R. § 1635.2(d) (limiting the definition of "employer" for purposes of GINA).

As a result of the foregoing, the court concludes that plaintiff's claims for discrimination and/or retaliation may not be maintained against defendant Lennon. Accordingly, defendants' motion to dismiss is granted as to defendant Lennon, and plaintiff's claims against defendant Lennon are dismissed in their entirety. Furthermore, plaintiff's motion to amend complaint is denied as to defendant Lennon, as the court finds, based on the foregoing determination, that any amendment would be futile.

2. Plaintiff's claims against defendant Wal-Mart

Defendants argue that defendant Wal-Mart should be dismissed from the instant action because there are not sufficient factual allegations in plaintiff's complaint to support her legal claims of discrimination under the ADA, discrimination under GINA, or retaliation. Plaintiff, through her motion to amend complaint, appears to argue that her complaint, if amended, would in fact contain sufficient factual allegations. In response, defendants argue that plaintiff should not be allowed to amend her complaint because any such amendment would be futile. In addition, defendants argue that plaintiff's *pro se* status is questionable and she should not be granted the benefit of a lenient pleading standard because she may be receiving the assistance of an attorney.

The court is cognizant of defendants' position that there may be a number of issues with plaintiff's discrimination and retaliation claims as currently pleaded. For example, defendant contends that plaintiff has thus far not pled sufficient facts to establish that defendants' actions

6

implicated any of three categories of "genetic information," as defined by GINA, which may give rise to protected status. See 42 U.S.C. § 2000ff(4)(A). Similarly, the court recognizes defendants' position that plaintiff may be attempting to add, through her proposed amendments, causes of action not mentioned in the EEOC charge she has provided. However, although it may be true that plaintiff cannot, even after amendment, allege sufficient facts to support her currently pleaded claims of discrimination and retaliation or allege additional facts tending to support any other claims, on the piecemeal record before it, the court cannot so determine. Therefore, in the interests of justice, and giving due regard to plaintiff's *pro se* status,[3] the court finds it appropriate to give plaintiff the opportunity to amend her complaint in order to clarify her factual allegations and legal claims against defendant Wal-Mart.

Accordingly, plaintiff's motion to amend complaint is granted as to defendant Wal-Mart. Plaintiff shall have twenty-one (21) days from the date of entry of this order within which to file an amended complaint, setting forth all of the relevant factual allegations and legal claims which she wishes to assert in this action against defendant Wal-Mart only. As a result, because the court grants plaintiff's motion to amend complaint as against defendant Wal-Mart, the court finds that dismissal of plaintiff's claims against defendant Wal-Mart at this stage of the litigation would be premature. Accordingly, defendants' motion to dismiss is denied as moot, without prejudice, as to defendant Wal-Mart.

---

[3] Though the court notes defendants' argument that plaintiff is not truly proceeding *pro se* in the instant action, the court is persuaded by plaintiff's explanation for her somewhat haphazard filings as propounded in her sur-reply to defendants' motion to dismiss.

7

## CONCLUSION

Defendants' motion to dismiss (DE # 15) is hereby GRANTED IN PART as to defendant Nicky Lennon (DM) and DENIED AS MOOT IN PART, without prejudice, as to defendant Wal-Mart Stores East, L.P. Plaintiff's motion to amend complaint (DE # 27) is hereby GRANTED IN PART as to defendant Wal-Mart Stores East, L.P. and DENIED IN PART as to defendant Nicky Lennon (DM). Plaintiff shall have twenty-one (21) days from date of entry of this order within which to file an amended complaint.

This the 1st day of August, 2012.

LOUISE W. FLANAGAN
United States District Judge

8